UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH RUSHING,                )
                               )
            Petitioner,        )
                               )
      v.                       )     No. 4:10-CV-2435-FRB
                               )
GARY STOLZER,                  )
                               )
            Respondent.        )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Joseph Rushing for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition for failure to exhaust available state remedies.

**The petition**

Petitioner, a civil detainee in a state proceeding to determine whether he should be confined as a sexually violent predator, argues that he should be released from confinement because he simply does not meet the sexually violent predator criteria under Missouri law. Specifically, he claims that his

earlier guilty plea to felony statutory sodomy in the second degree "clearly is not one of the felony offenses listed by the Missouri General Assembly as a sexually violent offense."

## Discussion

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.

Petitioner states that he has not yet been adjudicated by a state court to be a sexually violent predator and that he is presently awaiting trial on the issue. The claims he asserts in the instant habeas action can be adequately raised and addressed in the ongoing state-court proceeding and, if necessary, in subsequent state proceedings. As such, petitioner has available state procedures that he must exhaust before filing a habeas corpus petition in federal court.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that

petitioner has not yet exhausted his available state remedies.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this 28th day of January, 2011.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**